David R. Markham (Bar No. 071814)
R. Craig Clark (Bar No. 129219)
James M. Treglio (Bar No. 228077)
**CLARK & MARKHAM, LLP**
600 B Street Suite 2130
San Diego, CA 92101
Telephone: (619) 239-1321
Facsimile: (619) 239-5888

Attorneys for the Plaintiff

SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
apaley@seyfarth.com
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
ADP, INC. and AUTOMATIC DATA PROCESSING, INC.

FILED
CLERK, U.S. DISTRICT COURT
OCT 28 2008
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SPARKS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ADP, INC., AUTOMATIC DATA PROCESSING, INC., a Delaware Corporation with principal places of business in New Jersey, and DOES 1 to 100,<br><br>　　　　Defendants. | Case No. 07-03203 AHM (PJWx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARD OF ATTORNEYS' FEES, CLASS REPRESENTATIVE ENHANCEMENT, EXPENSES, AND RELEASE OF ALL CLAIMS BY CLASS MEMBERS**<br><br>Hon. A. Howard Matz |

　　　　The Court has received and reviewed the application for final approval of the settlement of this class action and an award of plaintiff's attorneys' fees and

1

1  reimbursement of expenses. In addition, the Court has received and reviewed the
2  proposed Class Action Settlement Agreement.
3      GOOD CAUSE APPEARING, this Court makes the following ORDER:
4      1.    The Class covered by this Order is defined as:
5  All persons who, between January 16, 2003 and March 31, 2008, were
6  employed in California by ADP, Inc. in its Major Account Services Division in any
7  of the following jobs:
8      A.  Reportsmith Account Rep.
9      B.  Sr. Reportsmith Account Rep.
10     C.  Service Support Specialist eTIME 1000
11     D.  e-Time Senior Service Support Specialist
12     E.  MA-Sr. Implementation Support Specialist
13     F.  Ld PC Support Specialist
14     G.  PC Support Specialist
15     H.  Sr. PC Support Specialist
16     I.  TLM- Technical Support Specialist
17     J.  TLM - SVC Support Hub Specialist I
18     K.  TLM-SVC Support Hub Specialist II
19     L.  TLM-SVC Support Hub Specialist III
20     M.  Ent. Solution Center Support Specialist
21     N.  Associate Implementation Specialist
22     O.  Implementation Specialist
23     P.  Senior Implementation Specialist
24     Q.  Implementation Specialist eTIME 1000
25     R.  Sr. Implementation Specialist eTIME 1000
26     S.  Implementation PC Support Specialist
27     T.  Implementation Consultant
28

  U. MA-Implementation Consultant I

  V. MA-Implementation Consultant II

  W. MA-Sr. Implementation Consultant

  X. MA-Implementation Specialist

  Y. MA-Sr. Implementation Specialist

  Z. MA-Lead Implementation Specialist

  AA. MA-Implementation Support Specialist

  BB. Implementation Consultant II

  CC. Reportsmith Technical Support Specialist

  DD. Implementation Consultant III

  EE. Implementation Support Specialist

  FF. Associate PC Support Specialist

  GG. TotalChoice Implementation Consultant

  HH. TotalChoice Senior Implementation Consultant

  II. Senior Implementation PC Support Specialist

  Excluded from this class are all persons who have submitted requests for exclusion to the Claims Administrator.

  2. The Settlement Agreement as originally signed by the parties is now modified by the consent of the parties to include as Settlement Class Members those individuals holding the job titles set forth in BB through II, above. The Settlement Agreement is granted final approval. It appears, and this Court finds, that the Settlement Agreement has no obvious defects, is fair, reasonable and adequate, was negotiated in good faith and at arms' length and is in the best interests of the Class as a whole. The Court further orders the parties to carry out the provisions of the Settlement Agreement.

  3. The Court hereby grants and approves the application presented by Plaintiff's Attorneys for an award of attorneys' fees in the amount of 25% of the

3

[CORRECTED PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARD OF ATTORNEYS' FEES, CLASS REPRESENTATIVE ENHANCEMENT, EXPENSES, AND RELEASE OF ALL CLAIMS BY CLASS MEMBERS / CASE NO. 07-03203 AHM (PJWx))

"Settlement Amount" (as defined in paragraph II (29) of the Settlement Agreement), for a total of $406,250.00. This amount is the final award and includes both fees and costs.

4. The Court hereby grants and approves the application presented by Plaintiff for an award of a Class Representative Enhancement in amount of $15,000.00.

5. The Court hereby grants and approves the application presented by Plaintiff's Attorneys and the Administrator for reimbursement of expenses in the sum of $34,907.30. The Court notes and understands that a portion of this sum represents an estimate of future costs related to the administration of the Settlement Agreement, and orders that any such costs not incurred shall remain as a portion of the "Settlement Proceeds" (as defined in paragraph II (35) of the Settlement Agreement) and shall be available for distribution to Settlement Class Members in accordance with the terms of the Settlement Agreement. Of the total amount of $34,907.30 in Administrator fees and expenses, $5,503.00 was incurred in the preparation, mailing and administration of the supplemental notice disseminated on August 22, 2008. As provided in the August 14, 2008 Order, ADP shall pay this $5,503.00 directly to the Claims Administrator, so as not to reduce the settlement funds, with the remainder of $29,404.30 to be paid to the Administrator from the settlement funds.

6. The Court hereby dismisses with prejudice all actions, complaints and claims and any lawsuit against ADP, Inc. and/or the "Released Parties" (as defined in paragraphs II (26) and III (6) of the Settlement Agreement) arising out of, or related to, any of the causes of actions or events complained of in the Complaint filed herein.

7. The Court adjudges that:

(a) all Settlement Class Members are conclusively deemed to have released the Released Parties from the "Released Claims" (as defined in paragraph III (6) of the Settlement Agreement);

(b) Jeffrey Sparks is conclusively deemed to have released all claims against the Released Parties as described in paragraph 7 of the Settlement Agreement.

8. The Court bars and permanently enjoins each Settlement Class Member from prosecuting against the Released Parties any and all of the settled claims which the Settlement Class Members have or may have in the future, arising out of, based upon, or otherwise related to any of the settled causes of action, or any of the allegations contained in the Complaint.

9. The Court reserves continuing jurisdiction to enforce the terms of the Judgment and this Order.

Dated: October 28, 2008

Hon. A. Howard Matz
Judge of the USDC, Central District

SF1 28315149.3